94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LAWYERS' MUTUAL INSURANCE CO., Plaintiff/Counter-Defendant/Appellant,
v.
The HOME INSURANCE COMPANY, Defendant/Counter-Claimant/Appellee.
 No. 95-15525.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided Aug. 15, 1996.
 
 1
 Before: O'SCANNLAIN, LEAVY, Circuit Judges, and HUFF*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Lawyers' Mutual Insurance Company appeals the district court's order granting summary judgment in favor of The Home Insurance Company and denying summary judgment to Lawyers' Mutual Insurance Company. We have jurisdiction pursuant to 28 U.S.C. section 1291. We affirm.
 
 
 4
 This court reviews a district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, the court must determine whether any issues of material fact exist, and whether the district court applied correctly the relevant substantive law. Id.
 
 
 5
 The contract between The Home Insurance Company ("Home") and its insured ("Davis") obligated Home to defend Davis and indemnify all claims that arose from the professional services rendered by Davis prior to October 20, 1985. Thus, the dispute between the Lawyers' Mutual Insurance Company ("LMIC") and Home involves the resolution of one question: Did the state court malpractice litigation include within it a claim against Davis which could have arisen during the period of Home's coverage? Because Home insured Davis only for professional services rendered before October 20, 1985 and the state court malpractice action concerned only claims arising from a 1986 subordination agreement on which Davis worked, the court concluded that Home did not owe either a duty to defend or indemnify Davis.
 
 
 6
 The complaint, as well as the pleadings filed and depositions taken in the state court action, identify Davis' negotiation and execution of the subordination agreement as the wrongful conduct. In addition, the complaint, pleadings and depositions claim that November 1985 was the instant in which Davis began work on the subordination agreement. Davis' conduct during the negotiation and execution of this agreement formed the basis for each of Danica's four claims for relief. Nowhere in the complaint does Danica discuss any event that occurred prior to October 20, 1985. In fact, all of the damages alleged in the malpractice claim arose from the loss in value of the Note that resulted from the supplemental subordination agreement. Because Danica did not allege any wrongful conduct by Davis that occurred prior to October 20, 1985, the district court concluded properly that Home owed no duty to defend or indemnify Davis. See Montrose Chemical Corp. of California v. Superior Court, 6 Cal.4th 287, 295 (1993). Consequently, we affirm the district court's grant of summary judgment in favor of Home and its award of $17,939.68 to Home under its counter-claim as reimbursement for its contribution to Davis' defense because it owed no duty to defend and had preserved its right to contest its contribution.
 
 
 7
 Affirmed.
 
 
 
 *
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3